IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEAONE SHASHAWN BELL,  ) | |
| # B-59870,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 16-cv-00201-MJR |
| ) | |
| KIMBERLY S. BUTLER,  ) | |
| DAVID L. EVELSIZER,  ) | |
| and TERRENCE T. JACKSON,  ) | |
| ) | |
| Defendants.  ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Teaone Bell, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center ("Menard").  (Doc. 1, pp. 1-20).  According to the complaint, Plaintiff received a false disciplinary ticket for sexual misconduct at Menard on May 10, 2015.  (*Id*. at 5-6, 13).  Following an allegedly unfair disciplinary hearing, he was punished with one year of segregation, demotion to C-grade status, and restrictions on his commissary privileges.  (*Id*. at 13).  In segregation, Plaintiff endured unconstitutional conditions of confinement and ultimately attempted to commit suicide.  (*Id*. at 5-6).  He now sues Kimberly Butler (warden), David Evelsizer (hearing committee chairperson), and Terrence Jackson (hearing committee member) for subjecting him to cruel and unusual punishment, in violation of the Eighth Amendment, and for denying him due process and equal protection of the law, in violation of and Fourteenth Amendment.  Plaintiff seeks monetary damages.  (*Id*. at 6.).

## **Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive review under this standard and shall be dismissed.

### The Complaint

While incarcerated at Menard, Plaintiff was issued a disciplinary ticket for sexual misconduct on May 10, 2015. (Doc. 1, pp. 5, 13). He was found guilty at an adjustment committee hearing before David Evelsizer (chairperson) and Terrence Jackson (member) on May 19, 2015. (*Id*. at 13). According to the final hearing summary, Officer Nicole Marshall reported that a "med tech was passing medication on a-wing and inmate Bell had his penis outside the chuck hole fondling himself."[1] (*Id*.). Plaintiff claims that this was "totally unsupported by any evidence other than observation of the reporting employee." (*Id*. at 5). Plaintiff was punished with one year of segregation, demotion to C-grade status, and restrictions on his commissary privileges. (*Id*. at 13). Warden Kimberly Butler approved of this punishment. (*Id*.).

In segregation, Plaintiff was allegedly forced to endure unconstitutional conditions of confinement. He shared a one-person cell with another inmate. (*Id*. at 5). The cell was "totally surrounded by concreate [sic], steel and glass." (*Id*.). He was denied regular access to the prison yard, shower, and commissary. (*Id*. at 6). Plaintiff also objected to the diet, but does not explain why. Plaintiff went on a hunger strike and, consequently, suffered from hunger pains. He claims that he ultimately attempted to commit suicide. (*Id*.).

Plaintiff now sues Warden Butler, Officer Evelsizer, and Officer Jackson for subjecting him to cruel and unusual punishment, in violation of the Eighth Amendment, and for denying him due process and equal protection of the law, in violation of and Fourteenth Amendment. (*Id*. at 5-6). He seeks monetary damages. (*Id*. at 6-7).

---

[1] This lawsuit represents the third action that Plaintiff has filed in federal court against prison officials who issued him disciplinary tickets for sexual misconduct. *See Bell v. Hardy, et al.*, Case No. 15-cv-07944 (N.D. Ill., dismissed Feb. 19, 2016); *Bell v. Butler, et al.*, Case No. 16-cv-00175-SMY (S.D. Ill. 2015).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following four (4) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** **Defendants deprived Plaintiff of a protected liberty interest without due process of law, in violation of the Fourteenth Amendment, when they punished him with one year of segregation following the issuance of a false disciplinary ticket and an unfair disciplinary hearing.**
>
> **Count 2:** **Defendants subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they placed him in segregation for one year.**
>
> **Count 3:** **Defendants ignored a known risk of suicide and disregarded it, in violation of the Eighth Amendment.**
>
> **Count 4:** **Defendants violated Plaintiff's right to equal protection of the law under the Fourteenth Amendment, by placing him in segregation without adequate space, food, exercise, showers, or commissary.**

As discussed in more detail below, none of the above-listed claims survive threshold review, and they shall be dismissed. If Plaintiff wishes to proceed any further with this action, he will be required to file an amended complaint. The deadline and instructions for doing so are set forth in the disposition.

### Count 1 – Due Process

With regard to his first claim (**Count 1**), Plaintiff's complaint includes insufficient allegations to support a claim for relief under the Fourteenth Amendment Due Process Clause. Standing alone, the receipt of a false disciplinary ticket does not give rise to a due process

violation. "[D]ue process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117 (7th Cir. 1995) (citations omitted).

These due process safeguards include: (1) advance written notice of the charges against the inmate; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in the inmate's defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994). In his complaint, Plaintiff describes no violations of the due process protections outlined in *Wolff*.

Further, no right to due process of law is triggered, unless a protected liberty interest is at stake. An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). A protected liberty interest arises only when Plaintiff's confinement in segregation "impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts generally consider two factors when making this determination: "the combined import of the duration of the segregative [sic] confinement *and* the conditions endured." *Id*. at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original).

A liberty interest may arise if the length of confinement in segregation is substantial and the record reveals that the conditions of confinement are unusually harsh. *Marion*, 559 F.3d at 697-98, n. 2. According to the complaint, Plaintiff was punished with one year of segregation, which is likely long enough to support a due process claim. However, the complaint fails to describe the conditions of Plaintiff's confinement with the minimum level of detail necessary to support a claim. Plaintiff only vaguely alludes to inadequate diet, exercise, showers, and commissary. If he wishes to pursue this claim any further, the amended complaint will need to elaborate on the *Wolff* requirements that were violated at the disciplinary hearing and the frequency and duration of the deprivations Plaintiff encountered in segregation. **Count 1** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 2 – Conditions of Confinement

With regard to his second claim (**Count 2**), Plaintiff may be able to support a claim for unconstitutional conditions of confinement under the Eighth Amendment. However, he has not done so in his complaint. Plaintiff generally complains that he was placed in a small cell made of concrete, steel, and glass. He was housed with another inmate in a one-person cell, and he was denied adequate opportunities to shower, eat, exercise, and access commissary.

The Eighth Amendment's proscription against cruel and unusual punishment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, the conditions of confinement must be at least "humane." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a violation of the Eighth Amendment based on conditions of confinement, an inmate must describe: (1) a deprivation that is "objectively, sufficiently serious," such that he was denied "the minimal civilized measure of life's necessities;" and (2) a "sufficiently culpable state of mind" on the part of the prison official, such as deliberate indifference to inmate health

and safety.  *Id*. at 834 (internal quotations marks omitted); *see Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013).  In order to determine whether Plaintiff's experience in segregation gives rise to a viable Eighth Amendment claim, he will need to submit an amended complaint that provides additional information regarding the nature and duration of each deprivation mentioned in the complaint, the actual conditions under which he was held, and the individuals he complained to about these conditions, if anyone.  **Count 2** shall also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 3 – Attempted Suicide

With regard to the third claim (**Count 3**), the complaint supports no Eighth Amendment claim against the defendants for ignoring a known risk of suicide.  Like other Eighth Amendment claims, this type of claim has both an objective and a subjective element: (1) "the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety;" and (2) the individual defendants were "deliberately indifferent to the substantial risk to the prisoner's health and safety."  *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Farmer*, 511 U.S. at 832).  The Seventh Circuit has made it clear that suicide, or even attempted suicide, qualifies as a serious harm.  *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001) ("It goes without saying that 'suicide is a serious harm.'").

In the case of an attempted suicide, the subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk.  *Collins*, 462 F.3d at 761 (citing *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003); *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) (defendant

must be aware of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing the act)).

Beyond mentioning his attempt to commit suicide, Plaintiff offers no factual allegations in support of a related claim against the defendants. If he wishes to proceed with an Eighth Amendment claim against any of the defendants for intentionally disregarding a known risk of suicide, he will need to more fully address this claim in his amended complaint. **Count 3** is dismissed for failure to state a claim upon which relief may be granted.

## Count 4 – Equal Protection

With regard to his fourth claim (**Count 4**), the complaint does not indicate how Plaintiff was denied equal protection of the law under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment prohibits a state from depriving persons within its jurisdiction of equal protection of the laws. U.S. CONST. amend. XIV. Generally, an equal protection claim requires a showing of "purposeful discrimination," or singling out of a particular group for disparate treatment, and action taken with the intention of causing an adverse effect on the identifiable group. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Such claims often arise in the context of race. In this context, a plaintiff who asserts an equal protection violation based on race "must establish that a state actor has treated him different[ly] than persons of a different race and that the state actor did so purposefully." *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000) (citing *Washington v. Davis*, 426 U.S. 229 (1976); *Indianapolis v. Minority Contractors Ass'n, Inc. v. Wiley*, 187 F.3d 743 (7th Cir. 1999)). In contrast, a "class-of-one" equal protection challenge asserts that an individual has been irrationally singled out for discriminatory treatment, without regard for any group affiliation. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

The allegations in the complaint fall far short of supporting either type of equal protection claim. Plaintiff appears to have made little more than passing reference to this claim in a section heading. Plaintiff does not allege that he was singled out or treated differently than anyone else, or by whom. Although the Court is obligated to accept factual allegations as true, *see Smith*, 631 F.3d at 419, the Court is not expected to rely on sketchy or implausible allegations. *Brooks*, 578 F.3d at 581. In this case, Plaintiff offers no allegations in support of his equal protection claim. **Count 4** shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

All four of Plaintiff's claims shall be dismissed without prejudice to Plaintiff filing an amended complaint that more fully develops each claim. If he chooses to do so, Plaintiff will be bound by the deadline and instructions for doing so in the below disposition.

## Pending Motion

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file an amended complaint **on or before April 29, 2016.** Should Plaintiff fail to file his first amended complaint within the allotted time, dismissal will become with prejudice and a "strike" will be assessed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should be careful to label the pleading, "First Amended Complaint."  Bell must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint.  Finally, the amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable,

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.

regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 24, 2016**

                                           s/ MICHAEL J. REAGAN
                                           **Chief Judge**
                                           **United States District Court**

---

*See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted *in forma pauperis* status, however, is exempt from paying the additional $50.00 fee.