**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TEAONE SHASHAWN BELL,** ) | |
| **# B-59870,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 16-cv-00201-MJR** |
| ) | |
| **KIMBERLY S. BUTLER,** ) | |
| **DAVID L. EVELSIZER,** ) | |
| **TERRENCE T. JACKSON,** ) | |
| **and NICOLE L. MARSHALL,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Now before the Court for consideration is the First Amended Complaint (Doc. 7) filed by Plaintiff Teaone Bell, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac").  Plaintiff challenges a disciplinary ticket he received for sexual misconduct at Menard Correctional Center ("Menard") on May 10, 2015 (Doc. 7, pp. 5-6).  He takes issue with the fact that a medical technician issued the ticket, and Menard's Adjustment Committee relied on her statement to find Plaintiff guilty of the rule violation.  Plaintiff was punished with one year of segregation, demotion to C-grade status, and commissary restrictions (*id*.).  Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Kimberly Butler (warden), David Evelsizer (hearing committee chairperson), Terrence Jackson (hearing committee member), and Nicole Marshall (medical technician) for depriving him of a protected liberty interest without due process of law under the Fourteenth Amendment.  He seeks monetary relief (*id*. at 6).

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."   *Id.* at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id.*  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.   *See Rodriguez v. Plymouth Ambulance Serv.*,

577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint does not survive review under this standard and shall be dismissed.

## **First Amended Complaint**

During his incarceration at Menard, Plaintiff alleges that a medical technician, named Nicole Marshall, issued him a disciplinary ticket for sexual misconduct on May 10, 2015 (Doc. 1, pp. 5, 8). According to the report, Plaintiff "had his penis outside of the chuck hole fondling himself"[1] as Marshall made her rounds to pass out medication on his wing (*id*. at 9).

Plaintiff attended a disciplinary hearing before Chairperson Evelsizer and Officer Jackson on May 19, 2015 (*id*. at 5-6, 9). Relying on Marshall's observations of Plaintiff, as described in the disciplinary report, the Adjustment Committee found Plaintiff guilty of the rule violation. Marshall's account was uncorroborated by any other witness. Even so, Plaintiff was punished with one year of segregation, demotion to C-grade status, and restrictions on his commissary privileges (*id*. at 5, 9). On May 21, 2015, Kimberly Butler (warden) approved of the Adjustment Committee's decision (*id*. at 6).

Plaintiff now challenges the disciplinary action on due process grounds. He claims that Marshall lacked authority to issue the disciplinary ticket because she is not an employee of the Illinois Department of Corrections ("IDOC"); Evelsizer and Jackson failed to provide Plaintiff with an impartial disciplinary hearing because they ultimately relied on Marshall's statement to find him guilty; and Butler approved of the recommended disciplinary action (*id*. at 5-6). Plaintiff now sues all four defendants for denying him due process of law in violation of the Fourteenth Amendment (*id*.). He seeks monetary damages (*id*. at 6)

---

[1] As the Court pointed out in its initial screening order (Doc. 5, p. 3 n. 1), this lawsuit represents the third action that Plaintiff has filed in federal court against prison officials who issued him disciplinary tickets for sexual misconduct. *See also Bell v. Hardy*, *et al.*, Case No. 15-cv-07944 (N.D. Ill., dismissed Feb. 19, 2016); *Bell v. Butler, et al.*, Case No. 16-cv-00175-SMY (S.D. Ill. 2015).

## Discussion

In its initial screening order (Doc. 5), this Court identified the following counts for consideration:

> **Count 1:** Defendants deprived Plaintiff of a protected liberty interest without due process of law in violation of the Fourteenth Amendment when they punished him with one year of segregation following the issuance of a disciplinary ticket and an unfair disciplinary hearing.
>
> **Count 2:** Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment when they placed him in segregation for one year.
>
> **Count 3:** Defendants ignored a known risk that Plaintiff would attempt to commit suicide in violation of the Eighth Amendment.
>
> **Count 4:** Defendants violated Plaintiff's right to equal protection of the law under the Fourteenth Amendment when they placed him in segregation without adequate space, food, exercise, showers, or commissary.

All four counts were dismissed without prejudice for failure to state a claim upon which relief may be granted, and Plaintiff was granted leave to re-plead the claims in a First Amended Complaint.  He was warned that failure to do so within the allotted time would result in a dismissal with prejudice and the assessment of a "strike" (Doc. 5, p. 9) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(g)).

Plaintiff filed a timely First Amended Complaint (Doc. 7).  However, the only claim he now pursues is **Count 1**, which is addressed in this Order.  He abandoned all other claims by omitting them from his amended pleading.  **Counts 2, 3,** and **4** shall therefore be dismissed with prejudice.

### Count 1 – Due Process

In his First Amended Complaint, Plaintiff challenges his disciplinary ticket on the following grounds: (1) the medical technician who issued the ticket lacked authority to do so; (2) the Adjustment Committee relied on the medical technician's statement when finding him guilty of the rule violation; and (3) the warden approved the Adjustment Committee's recommendation for disciplinary action.

Plaintiff's first challenge, at most, involves an alleged violation of state administrative rules governing prisons, not a violation of the United States Constitution.  *See* ILL. ADMIN. CODE, tit. 20, § 504.30.  Plaintiff maintains that the medical technician who issued him a disciplinary report lacked authority to do so because she is not an IDOC employee.  Section 504.30 obligates any "employee" of the IDOC to "promptly prepare a disciplinary report," if he or she observes an offender "committing an offense, discovers evidence of its commission, or receives information from a reliable witness of such conduct."  ILL. ADMIN. CODE, tit. 20, § 504.30(b).  Plaintiff asserts that the medical technician is not an employee of the IDOC.  Even if the Court accepts this allegation as true, however, the First Amended Complaint does not support a due process claim.

Standing alone, the violation of a prison regulation does not give rise to a constitutional claim.  *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations).  Even allegations that a party violated a state mandatory rule do not necessarily state a constitutional claim.  *White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the violation of an administrative rule is not the same as a violation of the Constitution).

Due process protections associated with prison disciplinary proceedings are generally sufficient to guard against potential violations. *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117 (7th Cir. 1995) (citations omitted). A hearing before a presumably impartial adjustment committee terminates any possible liability for the false or erroneous disciplinary ticket. These due process safeguards include: (1) advance written notice of the charges against the inmate; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in the inmate's defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Plaintiff's second and third challenges to the disciplinary action involve the evidence relied upon by the Adjustment Committee and the prison warden. Both accepted the medical technician's statement and found Plaintiff guilty of sexual misconduct. Because of this, Plaintiff maintains that his disciplinary hearing was unfair. The test for determining whether the decision of a prison disciplinary committee is adequately supported by the evidence is whether the decision is supported by "some evidence." *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994). By all indications, Marshall's statement was the *only* evidence available, other than Plaintiff's own testimony. The final hearing report indicates that no witnesses were requested, and Plaintiff does not allege otherwise (Doc. 7, p. 9). The disciplinary report discloses no witnesses to the incident. Under the circumstances, the Adjustment Committee (and, later, the warden) chose between two different accounts of the incident, *i.e.*, the medical technician's and Plaintiff's. They accepted the statement of the medical technician, who was an eyewitness to the incident. Her statement

satisfies the requirement that "some evidence" support the Adjustment Committee's decision. *Cain*, 857 F.2d at 1145.   Under the circumstances, Plaintiff has identified no due process violation that occurred in connection with the disciplinary action.

And, to be clear, no right to due process is triggered in the first place, unless a protected liberty interest is at stake.   A protected liberty interest arises when Plaintiff's confinement in segregation "impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"   *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).   When making this determination, courts generally consider two factors: "the combined import of the duration of the segregative [sic] confinement *and* the conditions endured."   *Id*. at 743 (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original)).   Although the length of Plaintiff's confinement in segregation may support a Fourteenth Amendment due process claim, he has said nothing in the First Amended Complaint about the conditions that he endured.   Given this, the Court finds no protected liberty interest sufficient to trigger due process protections under the Fourteenth Amendment.   Accordingly, **Count 1** shall be dismissed with prejudice against all of the defendants at this time.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, including **COUNTS 1, 2, 3,** and **4** against Defendants **KIMBERLY BUTLER, DAVID EVELSIZER, TERRENCE JACKSON,** and **NICOLE MARSHALL**, all for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).   Plaintiff's obligation to pay the filing fee for this

action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 1, 2016**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**
